UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TASHA HERBERT | CIVIL ACTION |
| VERSUS | NO. 14-2505 |
| CHR HOLDING CORP. AND<br>DOCTOR'S ASSOCIATES, INC. | SECTION "N" (2) |

**ORDER AND REASONS**

Presently before the Court is Defendant Doctor's Associates Inc.'s ("DAI") "Motion to Dismiss for Failure to State a Claim" (Rec. Doc.13). For the reasons stated herein, **IT IS ORDERED** that the motion is hereby **GRANTED**, and Plaintiff Tasha Herbert's claims against DAI are **DISMISSED WITHOUT PREJUDICE**. **IT IS FURTHER ORDERED** that Herbert shall have **twenty (20) days** from the date of this order to amend her pleading (Rec. Doc. 1) as stated herein.

**A. Background**

In her Complaint (Rec. Doc. 1), Plaintiff Tasha Herbert alleges that she suffers from spina bifida and requires a wheelchair for mobility. (Rec. Doc. 1 at p.1). Herbert's claims include violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, referring to numerous barriers at the Crown Plaza Shopping Center, specifically a Subway restaurant, in New Orleans East. (Id. at 1-2). Herbert requests injunctive and declaratory relief against the alleged owner of the property, CHR Holding Corp., and the alleged lessee, DAI. (Id. at 2, 7). DAI now moves for dismissal of the claims against it on the grounds that it is not the owner, lessee, lessor, or operator of the property as required for liability under the ADA. (Rec. Doc. 13).

1

**B. Legal Principles**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. at 662, 678 (2009) (internal citation omitted). Under Federal Rule of Civil Procedure 12(b)(6), the Court "must accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff." Campbell v. Wells Fargo Bank, N.A., 781 F.2d 440, 442 (5th Cir.), cert. denied, 476 U.S. 1159 (1986). Further, "[a]ll questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor." Lewis v. Fresne, 252 F.3d 352, 357 (5th Cir. 2001). Nevertheless, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 678 (quoting Fed. Rule Civ. Proc. 8(a)(2)). When ruling on a 12(b)(6) motion, courts may consider the complaint and a limited number of extrinsic materials, including any attached exhibits and documents that the petition incorporates by reference. Stevens v. Lake Charles Coca-Cola Bottling Co., No. 2:11-CV-344, 2011 WL 2173649, at *2 (W.D.La. June 1, 2011).

**B. Application of the Legal Principles**

Under the ADA, it is unlawful to discriminate against persons with disabilities in the provisions of goods, services, and facilities, among others, in "places of public accommodation." 42 U.S.C. § 12182. A "place of public accommodation" can be a restaurant, bar, or other establishment serving food or drink. 28 C.F.R. § 36.104. A "public accommodation" means a private entity that "owns, leases (or leases to), or operates a place of public accommodation." Id.

In its motion to dismiss, DAI claims it is not the owner, lessor/lessee, or operator of the property that Herbert alleges to be in violation of the ADA. To support its motion, DAI presents to the Court a copy of the lease agreement covering the restaurant. (Rec. Doc. 13-4). The lease specifically states that the lessor is CHR Holding, Inc.[1] and the lessee is Subway Real Estate Corp. (Id.). In response, Herbert contends that the evidence is extrinsic to the Complaint and, therefore, is improperly considered at the Rule 12(b)(6) stage of this proceeding. (Rec. Doc. 15 at p.3). Additionally, Herbert avers that she has presented sufficient evidence to the Court to suggest that DAI "operates," by way of "control," the property at issue and any question of control shall be decided after discovery has taken place. (Id. at 5).

As previously stated, the Court is permitted to rely on documents that are attached to the complaint or are incorporated by reference. Stevens, 2011 WL 2173649, at *2. The Court finds that Herbert's argument that the lease is improperly cited extrinsic evidence to be unsupported by law because the complaint clearly refers to an alleged lessor/lessee relationship between CHR and DAI and, additionally, the lease document is central to her claims against DAI. See Collins, v. Morgan Stanley Dean Witter, 224 F.3d 496 (5th Cir. 2000). Therefore, the Court will consider the lease agreement as evidence that was properly submitted by DAI in support of its motion.

Herbert, in addition to her incorrect evidentiary assertion, specifically alleges that she has sufficiently established a claim against DAI as operator, by way of "control," of the property at issue in this case. Herbert bases this argument on the holding in Neff v. American Dairy Queen Corp, 58

---

[1] The Court has been presented with documents, including pleadings and exhibits, that contain at least three different aliases for the Defedant CHR Holding Corp. Compare Rec. Doc. 1 (CHR Holding Corp.); Rec. Doc. 13-1 at p. 1 (CHR Holdings Corp.); Rec. Doc. 13-4 (CHR Holding, Inc.). Because neither party addresses the obvious and apparent discrepancy, the Court assumes for purposes of this motion that the CHR Holding, Inc., CHR Holding Corp., and CHR Holdings Corp. are the same entity.

F.3d 1063 (5th Cir. 1995), which states that, for purposes establishing a claim that an entity "operates" a given "place of public accommodation" under the ADA, sufficient control can be demonstrated by showing that alleged operating entity specifically controls the modifications that improve a property's accessibility to the disabled. Id. at 1066.

Herbert seemingly attempts to hang her hat on the following allegation: "Upon information and belief, [DAI] is a leasee (sic) at Crystal plaza and *operates* the restaurant 'Subway #46704' thereon." (Rec. Doc. 1 at ¶ 11 (emphasis added)). However, the lease agreement attached to DAI's motion explicitly states that Subway Real Estate Corp. is the lessee. (Rec. Doc. 13-4). Therefore, to survive DAI's motion, Herbert must present sufficient evidence of a claim against DAI, in a non-lessee capacity, that is "plausible on its face." Iqbal, 556 U.S. at 678. However, nowhere in the complaint does Herbert put forth any evidence of DAI's relationship, other than as a lessee, which has been proven incorrect, to the restaurant and/or property at issue. Herbert has failed to allege any facts that suggest to this Court that DAI exercises authority over modifications that may affect accessibility to the disabled at this particular location. Nor has she alleged that DAI has any interest in, connection to, or control over the restaurant as owner, franchisor, or otherwise. Thus, even accepting all facts as true and viewing all inferences in her favor, Herbert has failed to state a claim against DAI that is plausible. If Herbert wishes to pursue her claims against DAI, she must amend her complaint to include specific allegations of DAI's relationship to, and authority over, the Subway restaurant in this case. A presumptuous allegation of DAI's status as an operator, without more, is insufficient to survive the 12(b)(6) motion.

**C. Conclusion**

Accordingly,

**IT IS ORDERED** that DAI's "Motion to Dismiss for Failure to State a Claim" (Rec. Doc. 13) is **GRANTED**, and Herbert's claims against DAI are hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that, if Herbert wishes to proceed in the action against DAI, she shall have **twenty (20) days** from the entry of this Order within which to amend her pleading as set forth above.

New Orleans, Louisiana, this 27th day of January 2015.

_____
**KURT D. ENGELHARDT**
**United States District Judge**